UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1735** |
| **JAMES M. LEBLANC, ET AL.** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Summary**

A review of the plaintiff's complaint reveals an unintelligible document which contains vague allegations which apparently related to the treatment the plaintiff received both prior to and after his release from incarceration on September 16, 2009.  There are general allegations of cruel and unusual punishment and denial of legal assistance contained in the complaint.  It is unclear whether he is complaining about medical care or the conditions of his confinement.

The complaint also outlines that the plaintiff previously filed a lawsuit in the United States District Court for the Western District of Louisiana, *Johnson v. La. Dept. of Public Safety & Corr.,*

*et al.*, 09-CV-143-TS-MLH.[1]  Johnson has named as defendants a multitude of individuals, entities, and governmental agencies ranging from Secretary James M. LeBlanc of the Louisiana Department of Public Safety and Corrections in Baton Rouge to the L.S.U. Hospitals in Shreveport and New Orleans to the Harvey State Building.[2]  He seeks a total of $6 million dollars, paid in $10,000 monthly increments for his claims.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915A and 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A

---

[1] A review of the electronic case management website for the Western District reveals that the former suit was dismissed without prejudice for failure to prosecute on March 15, 2010, and has since been appealed by Johnson.

[2] The following individuals were named as Defendants in Johnson's Complaint: (1) James M. LeBlanc; (2) Department of Public Safety and Corrections; (3) Harvey State Building; (4) Bureau of Human Rights Department of Health and Hospitals; (5) St. Joseph the Worker Church; (6) Jefferson Parish Project Outreach Program; (7) Mr. A.R. Coleman; (8) Ms. Annryet M. Yarbrough, Chairperson, Americans with Disabilities Act Office of Public Health; (9) Department of Health and Hospitals; (10) Medical Center of Louisiana; (11) West Jefferson Parish Bureau of Health Services Financing; (12) Richard Stalder; (13) Johnny Creed; (14) Transitional Care Center Health Care Services Division/Behavioral Health Services; (15) LSU Hospitals in Shreveport and New Orleans; (16) Cassandra Bradley, supervisor over Medicaid Department in the Harvey State Building; (17) Ms. Roubion, supervisor over Medicaid Department in the Harvey State Building; (18) Ms. R. Coleman, supervisor over Medicaid Department in the Harvey State Building; (19) Louisiana's Department of Health & Hospitals, Human Services; (20) West Jefferson Medical Center; (21) Jefferson Parish Human Services Authority; (22) Tulane Medical Center; (23) United States District Court Clerks for the Western District in Shreveport, Louisiana; (24) Second Parish Court House, Parish of Jefferson; (25) Marrero Post Office; and (26) Garry Davis, Pathways Housing Division of Resources for Human Development.

claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Claims Against the Clerks of the United States District Court for the Western District of Louisiana

Johnson also filed this instant action against the Clerks of Court of the United Stated District Court of the Western District of Louisiana. However, he does not include any specific allegations against the clerks.

A plaintiff may maintain a claim against a federal employee accused of violating his federal constitutional rights. Such a claim is generally referred to as a *Bivens* claim. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). A *Bivens* claim is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals. *Williams v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987).

The United States Fifth Circuit Court of Appeals and other federal circuit courts have extended the doctrine of judicial immunity to clerks of court who act under the orders of the Court. *Small v. Dallas Cnty*, 170 Fed. Appx. 943, 943 (5th Cir. Apr. 10, 2006); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Rogers v. Brintrager*, 841 F.2d 853, 856 (8th Cir. 1988); *Eades v. Sterlinske*, 810 F.2d 723,

726 (7th Cir. 1987).  Clerks of court have a "narrower ambit of immunity than judges and prosecutors," *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981), but they "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction and only qualified immunity from all other actions for damages.'"  *Clay*, 242 F.3d at 682 (quoting *Targer*, 646 F.2d at 1013); *Boston v. Lafayette Cnty.*, 744 F.Supp. 746, 750 (N.D. Miss. 1990), *aff'd*, 933 F.2d 1003 (5th Cir. 1991).  Judicial immunity also extends to actions for injunctive relief.  *See Tesmer v. Granholm*, 114 F.Supp.2d 603, 618 (E.D. Mich. 2000); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F.Supp.2d 204, 210 (D. Mass. 2000); *see also*, *Guerin v. Higgins*, 2001 WL 363486 (2nd Cir. Apr. 11, 2001); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)(the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).

Here, Johnson has failed to allege any specific action taken by the Clerks for the Western District of Louisiana that violated his rights.  Therefore, the Court recommends that the claims against the Clerks be dismissed without prejudice.

**IV.**     **Claims Against the Second Parish Court House**

Johnson also asserts a claim against the Second Parish Court in the Parish of Jefferson.  He does not, however, assert any specific allegations against the Parish Court House.

Any claim against a state court is improper because the court is not a juridical entity capable of being sued under Section 1983.  *Moity v. Louisiana State Bar Assoc.*, 414 F.Supp. 180, 182 (E.D. La.)("state courts are not considered 'persons' within the meaning of § 1983)", *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *Schwertz v. Garner*, Civ. Action No. 09-018, 2009 WL 348556, at * 2 (E.D. La. Feb. 9, 2009); *Wilkerson v. 17th Judicial Dist. Court, Parish of Lafourche*, Civ. Action No. 08-1196, 2009 WL 249737, at * 3 (E.D. La. Jan. 30, 2009).

As a result, Johnson's claims against the Second Parish Court House is frivolous and should be dismissed with prejudice.

V.      **The Remaining Claims in the Petition are Malicious**

Title 28 U.S.C. § 1915(e)(2)(B) and § 1915A require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or malicious. It has long been resolved that repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915(e)(2)(B) and § 1915A as malicious. *Pittman v. Moore*, 980 F. 2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989).

The claims raised against the remaining defendants[3] herein are identical to claims raised in another suit, *Johnson v. LeBlanc, et al.*, Civ. Action 10-1734"N"(4), which was filed contemporaneously with the instant action. In that complaint, the plaintiff named these remaining defendants, in addition to the 22nd Judicial District Court and the Americans with Disabilities Act, for claims relating to cruel and unusual punishment and denial of legal assistance. The Court dismissed

---

[3]The remaining Defendants are: James M. LeBlanc, Department of Public Safety and Corrections, Harvey State Building, Bureau of Human Rights Department of Health and Hospitals, St. Joseph the Worker Church, Jefferson Parish Project Outreach Program, Mr. A.R. Coleman; Ms. Annryet M. Yarbrough, Chairperson, Americans with Disabilities Act Office of Public Health, Department of Health and Hospitals, Medical Center of Louisiana, West Jefferson Parish Bureau of Health Services Financing, Richard Stalder, Johnny Creed, Transitional Care Center Health Care Services Division/Behavioral Health Services, LSU Hospitals in Shreveport and New Orleans, Cassandra Bradley, supervisor over Medicaid Department in the Harvey State Building, Ms. Roubion, supervisor over Medicaid Department in the Harvey State Building, Ms. R. Coleman, supervisor over Medicaid Department in the Harvey State Building, Louisiana's Department of Health & Hospitals, Human Services, West Jefferson Medical Center, Jefferson Parish Human Services Authority, Tulane Medical Center, Marrero Post Office; and Garry Davis, of the Pathways Housing Division of Resources for Human Development.

the claim without prejudice, finding that the pleading was "so rambling, confusing, and vague that its true substance is impossible to ascertain."[4]

Because the claims in this action are duplicitous of those raised in Johnson's other civil action, the remainder of the complaint against the remaining defendants is subject to dismissal as malicious under § 1915(e)(2)(B) and § 1915A.[5]

## VI. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Johnson's § 1983 claims against the Clerks of the United States District Court for the Western District of Louisiana be **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED** that Johnson's § 1983 claims against the Second Parish Court House be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e)(2), § 1915A, and §1997e

**IT IS FURTHER RECOMMENDED** that the remainder of Johnson's § 1983 complaint against the remaining defendants, James M. LeBlanc, Department of Public Safety and Corrections, Harvey State Building, Bureau of Human Rights Department of Health and Hospitals, St. Joseph the Worker Church, Jefferson Parish Project Outreach Program, Mr. A.R. Coleman; Ms. Annryet M. Yarbrough, Chairperson, Americans with Disabilities Act Office of Public Health, Department of

---

[4] *Id.* (R. Docs. 4, 7, 8.)

[5] The Court notes that in the duplicative action, the Court dismissed the complaint without prejudice and afforded the plaintiff twenty (20) days in which to file a complaint with a "comprehensible cause of action." *See id.* (R. Doc. 4, p. 3.) The instant complaint, however, cannot be construed as an attempt to re-file the complaint in that action, as it was filed prior to the Judge's dismissal of the action.

Health and Hospitals, Medical Center of Louisiana, West Jefferson Parish Bureau of Health Services Financing, Richard Stalder, Johnny Creed, Transitional Care Center Health Care Services Division/Behavioral Health Services, LSU Hospitals in Shreveport and New Orleans, Cassandra Bradley, supervisor over Medicaid Department in the Harvey State Building, Ms. Roubion, supervisor over Medicaid Department in the Harvey State Building, Ms. R. Coleman, supervisor over Medicaid Department in the Harvey State Building, Louisiana's Department of Health & Hospitals, Human Services, West Jefferson Medical Center, Jefferson Parish Human Service Authority, Tulane Medical Center, Marrero Post Office; and Garry Davis, Pathways Housing Division of Resources for Human Development be **DISMISSED WITH PREJUDICE** as malicious and duplicitous of Civ. Action No. 10-1734"N"(4).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 5th day of April, 2011.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.